**UNITED STATES of America,**

v.

**Audley EVANS, Patrick Watson, C. Hayward Chapman.**

**No. 8:00–CR–75–T–30MAP.**

United States District Court, M.D. Florida, Tampa Division.

Aug. 15, 2001.

Arnold D. Levine, Levine, Hirsch, Segall & Northcutt, P.A., Tampa, FL, for Audley Evans (1), defendants.

David A. Maney, Maney, Damsker, Harris & Jones, P.A., Tampa, FL, Ellis R. Faught, Jr., Law Offices of Ellis R. Faught, Jr., Brandon, for Patrick Watson (2), defendants.

James E. Felman, Kynes, Markman & Felman, P.A., Dewey Frank Winkles, Swope Law Group, P.A., Tampa, FL, for C. Hayward Chapman (3), defendants.

Elizabeth Evans, Temple Terrace, Pro se.

Claude Hines Tison, Jr., Swope Law Group, P.A., Tampa, FL, for C & C Part-

ners (88888), a Georgia general partnership, interested party.

Michael J. Gasdick, Stanton & Gasdick, P.A., Orlando, for MCCOY Federal Credit Union (88888), interested party.

Robert E. O'Neill, Pamela K. Cothran, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for U.S. Attorneys.

## ORDER DENYING DEFENDANT CHAPMAN'S MOTION FOR RECONSIDERATION

MOODY, District Judge.

This cause came on for consideration without oral argument on the Motion of Defendant C. Hayward Chapman for Reconsideration of Order on Post–Trial Motions (Dkt.273).

Upon consideration, the Court hereby vacates the portion of its previous order that contains the incorrect date of December, 1995, for Chapman's posting of the $25,000 certificate of deposit (the "CD") as collateral for Evan's loan. The Court modifies its earlier order to correct the date to December, 1996.

This modification does not, however, alter the Court's decision on the merits of the Court's previous Order denying Defendant Chapman's post trial motions for acquittal. The timing of Chapman's acts still present a crucial distinction between the cases against Defendant Chapman and Defendant Watson. The December, 1996, posting of the $25,000 CD by Chapman still occurred in the midst of one of the Tampa Housing Authority's ("THA") contracts benefitting Bradley and Bradley (the North Blvd. Joint Ventures project) and after Concorde first received profits from its contracts with the Meridian River Development Corporation ("MRDC").[1] As

noted in the Court's previous Order, there was sufficient evidence, including the timing of the payments, for the jury to convict Chapman of four counts of gratuity.

Chapman's other arguments for reconsideration are merely attempts to reargue findings of fact and matters of proof that are within the province of the jury. There was sufficient evidence before the jury from which it could conclude that Chapman controlled an interest in Bradley and Bradley and Concorde (through his son-in-law and daughter, respectively, and through his own activities), or at the least, that the companies benefitted from Evans' official actions. Moreover, the jury's acquittal of Chapman on the tax charge against him for failure to report income from these companies does not equate to a finding that he did not control either company. Also, such a conclusory allegation fails to reflect the evidence before the jury on the gratuity charges and overlooks the fact that an individual making a bribe or gratuity can be charged with the offense regardless of that individual's official position with a company for which the bribe or gratuity is intended to benefit.

---

1. Evans was the executive director of the MRDC.